## BLEICH et v. MANDEL.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9342. Decided Nov. 5, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**REAL ESTATE.**

(510 Lc) Tenant, who pays rent and otherwise acquiesces, for a period of eleven months, in act claimed to constitution eviction, estopped, in action to collect rent, from alleging such eviction.

Moses Benjamin, Cleveland, for Bleich, et.

H. F. Glick, Cleveland, for Mandel.

HISTORY:—Action in Municipal Court by Mandel to recover rent under lease. Judgment for Mandel. Bleich brings error. Judgment affirmed. No action in Supreme Court prior to publication date.

### STATEMENT OF FACTS.

In the court below the defendant in error was plaintiff and brought the action to recover $75.00 claimed to be due for a month's rent under a lease between the plaintiff and the defendants below. The judgment for that amount was recovered in the court below. Error is prosecuted to this court to reverse that judgment on the ground that there had been a partial eviction which the tenant, the plaintiffs in error, ultimately acted upon as they claimed, and vacated the premises and, therefore, were not responsible for the rent, and they cite many authorities to sustain that contention.

The record shows that the lease between the plaintiff and the defendants below was for three years for the premises owned by the plaintiff below, and the defendants below went into possession under that lease. It seems there was a driveway running along the side of this building and there was a side door which gave access to certain parts of the premises, and after this lease had run for some time the owner of the property, the plaintiff below, closed up that door and, I believe, sought to prevent the use of the driveway. There seems to have been some correspondence or controversy over the closing of this door, which took place between counsel of the two parties.

If the record is to be believed, Mr. Glick, the attorney for the plaintiff below was consulted by the attorney of the defendants below and, according to the testimony of Glick, another entrance was provided and the plaintiffs in error then said they were satisfied, or words to that effect. At any event there did not seem to be any other controversy, and this was not serious nor did the plaintiffs in error, defendants below, vacate the premises or any part thereof, nor did they open or try to open this door. They paid the rent without any protest, without any diminution because of this so-called eviction for eleven months, and then sold out the business and moved out of the building, and there seems to have been one month's rent due under the lease, or at least the action was brought for only one month's rent.

VICKERY, J.

We think it is very questionable under the record whether there was ever any eviction in this case of any part of the premises. The record shows that while this door was closed, another one was furnished and the plaintiff in error acquiesced in that situation. At any event, as already stated, they paid the rent for eleven months thereafter and then when they sold the business and the premises were of no more use to them, they seek to avoid the payment of the rent on the ground that they had been evicted eleven months before. If there is a partial eviction the tenant might perhaps refuse to pay the rent for that reason, but if he acquiesces and pays the rent we think he is estopped from alleging such partial eviction and especially under the circumstances in this case. Nor is there anything in the contention which plaintiffs in error make about this being within the statute of frauds. Of course, the lease was for three years and it must have been in writing, and it was in writing, but the tenant is seeking to bring in extraneous circumstances to interfere with the lease and surely the plaintiff below had the right to show evidence which would amount to an acquiescence in the so-called eviction which would prevent the defendants below, the plaintiffs in error here, from afterwards raising that question.

We do not find any error in the record and the judgment will, therefore, be affirmed. (Sullivan, P.J., and Levine, J., concur.)